```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/14/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CAROL A. CUMBERBATCH,

                Plaintiff,

      -v-

WILBUR L. ROSS, Secretary,
U.S. Department of Commerce

                Defendant.
-------------------------------------------------------------------X

19-cv-0305 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      On October 15, 2020, the Court permitted Defendant to move for summary judgment and stated it would give Plaintiff an equivalent amount of time to oppose the motion as Defendant takes to make that motion, as run from the date of October 16, 2020. *See* Dkt. No. 39. Defendant moved for summary judgment on December 18, 2020 and filed its memorandum of law on December 21, 2020 and its declaration in support of its motion on December 22, 2020. *See* Dkt. Nos. 41–44. Plaintiff thus had sixty-seven (67) days to file her opposition brief after the date of Defendant's last filing on December 22, 2020. That date was March 1, 2021. Plaintiff did not file an opposition on or before that date.

      One week later, on March 8, 2021, the Court <u>sua sponte</u> extended Plaintiff's deadline to file her brief in opposition to March 12, 2021 and stated that in the absence of a filing on or before that date, the Court would consider Defendant's motion for summary judgment not to be opposed and would immediately consider the motion on that basis. *See* Dkt. No. 45. On March 12, 2021, Plaintiff's counsel requested an extension of time of one week within which to respond to Defendant's motion for summary judgment. *See* Dkt. No. 46. On March 12, 2021, the Court

granted this motion, under which Plaintiff's response was now due on or before March 19, 2021. *See* Dkt. No. 47.  Plaintiff has not filed an opposition.  As such, the Court considers Defendant's motion for summary judgment not to be opposed.

The Court is prepared to rule shortly on the merits of Defendant's unopposed summary judgment motion, but first requires Plaintiff to inform the Court whether she intends to prosecute this case.  Fed. R. Civ. P. 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  If Plaintiff does intend to prosecute this case, the Court will proceed to consider Defendant's unopposed motion for summary judgment.   If, however, Plaintiff does not intend to prosecute this case, or fails to respond to this order, the case will be dismissed without prejudice.  Plaintiff is hereby

ORDERED to file a letter with the Court on or before July 29, 2021 stating whether she intends to prosecute the case and, if so, explaining why she should be permitted to do so given her prior failures to respond to the Court's deadlines and to defend the allegations in her complaint.

SO ORDERED.

Dated: July 14, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge